BERANEK, Judge.
Defendant appeals his manslaughter conviction after a trial on the charge of second degree murder. The defendant became involved in an altercation with the victim in a rooming house where both resided. The victim, who was intoxicated, was being loud and abusive toward the defendant and his wife. The controversy escalated and eventually ended in the defendant’s stabbing the victim who died from the single stab wound. The police arrived and the defendant surrendered peacefully and made certain admissions. >
There were numerous witnesses to the event, all of whom testified at the trial at which defendant asserted his actions were the result of self-defense. There was a definite conflict in the evidence as to the facts of the controversy and the necessity for defendant’s use of the knife. The jury was instructed on self-defense but obviously rejected the theory finding defendant guilty of manslaughter.
The single point raised on appeal is that the court erroneously restricted defendant’s cross-examination of one of the State’s witnesses. The witness in question was an investigating police officer who was called by the State primarily to identify the knife and certain other exhibits and to testify regarding chain of custody for admission of these items into evidence. On cross-examination, defense counsel asked, “When you got to the scene, did you ask any questions or did anybody make any answers?” The State objected to this question as being beyond the scope of direct examination and the court sustained the objection. Appellant contends that the court’s ruling unduly restricted cross-examination, citing Coco v. State, 62 So.2d 892 (Fla.1953); Frost v. State, 104 So.2d 77 (Fla.2d DCA 1958), and other similar cases. The State urges that the scope of cross-examination and control thereof is within the discretion of the court and that no abuse has been demonstrated. See Maggard v. State, 399 So.2d 973 (Fla.1981). We need not decide this issue.
At a later point in the trial, the State recalled the same investigating police officer and asked him almost exactly the same question which had been put to him on cross. Defense counsel objected to the officer’s testifying about the statements made by defendant on the ground that Miranda warnings had not been given. The trial court sustained this objection and the police officer was not allowed to testify to statements made by the defendant either before or after he was taken into custody.[1] The exclusion of this evidence was at the request of defendant. Defendant is thus in the inconsistent position of having successfully objected to precisely the evidence which he now contends was erroneously and prejudicially excluded. We therefore conclude reversible error has not been demon *245 strated, and the judgment below is affirmed.
AFFIRMED.
HERSEY, J., and OWEN, WILLIAM, C., Jr., Associate Judge (Retired), concur.

. We do not imply that the exclusion of defendant’s statement was necessarily proper on the basis of the absence of Miranda warnings.